QUINN EMANUEL URQUHART & SULLIVAN, LLP
Claude M. Stern (Bar No. 96737)
claudestern@quinnemanuel.com
John P. Duchemin (Bar No. 250501)
johnduchemin@quinnemanuel.com
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Plaintiff
Rovi Solutions Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROVI SOLUTIONS CORPORATION,

Plaintiff,

vs.

UNILOC (SINGAPORE) PRIVATE LIMITED,
UNILOC LUXEMBOURG S.A.,

Defendants.

CASE NO. 11 4216

COMPLAINT;

DEMAND FOR JURY TRIAL

Plaintiff Rovi Solutions Corporation ("Rovi") brings this action against Defendants Uniloc (Singapore) Private Limited ("Uniloc Singapore") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, the "Uniloc Defendants") and complains as follows:

### THE NATURE OF THE ACTION

1. This is a diversity action for breach of contract and for a declaratory judgment establishing Rovi's contractual rights under California law. The contract at issue is a settlement agreement that Uniloc Singapore and Rovi (previously named Macrovision Corporation) signed in May 2008 (the "Settlement Agreement") to end two California federal patent cases between them. The Settlement Agreement contained a broad release, pursuant to which Uniloc Singapore agreed to release from any and all liability, including claims for damages, not just Rovi, but any of its successors, assigns, and predecessors, as well as any entity that "may acquire or have acquired

rights, title, or interest in and to [Rovi's] products that were accused of infringing, *or that could have been accused of infringing* one or more patents that were the subjects of the lawsuits." (Emphasis added.) In short, the release did not just apply to Rovi's past acts, but also to past and future conduct of past or future purchasers, customers or users of any Rovi product that "could have been" accused of infringement in the prior litigation. Despite this release, Uniloc Singapore has filed patent infringement lawsuits against Rovi customers and others that obtained an interest in the precise products that were the subject of the release. Uniloc Singapore has breached the terms of the release provisions of the Settlement Agreement. Rovi seeks damages and declaratory and injunctive relief against Uniloc Singapore and its corporate successor, Uniloc Luxembourg.

2. Rovi brings this action to recover damages caused by Uniloc's breach, to obtain a declaratory judgment establishing its contractual rights under the Settlement Agreement, and to enjoin Uniloc Singapore and Uniloc Luxembourg from pursuing any lawsuits against entities covered by the release provisions of the Settlement Agreement.

## THE PARTIES

3. Plaintiff Rovi Solutions Corporation is a corporation incorporated in Delaware and with its principal place of business at 2830 De La Cruz Boulevard, Santa Clara, California, 95050.

4. On information and belief, Defendant Uniloc (Singapore) Private Limited is a limited liability company existing under the laws of Singapore.

5. On information and belief, Defendant Uniloc Luxembourg S.A. is a corporation existing under the laws of Luxembourg.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction under the provisions of 28 U.S.C. §1332. Rovi is a citizen of the State of California, Uniloc Singapore is a citizen of Singapore, and Uniloc Luxembourg is a citizen of Luxembourg. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Uniloc Singapore and Uniloc Luxembourg because of their significant contacts here. Uniloc Singapore has purposefully availed itself of the jurisdiction of California federal courts by suing Rovi in federal court in

California, entering into the Settlement Agreement in California, agreeing that the Settlement Agreement should be decided under California law, and suing additional parties that, as explained below, are beneficiaries to that Settlement Agreement. Since Uniloc Luxembourg is the corporate successor to Uniloc Singapore, Uniloc Singapore's contacts with California are imputed to Uniloc Luxembourg.

8. Venue is proper in this District under the provisions of 28 U.S.C. §§ 1391(a) and (d).

## GENERAL ALLEGATIONS

9. Plaintiff Rovi is a global leader in digital entertainment technology including guidance technology, entertainment data, video production tools, video delivery platforms, content protection, content networking and advertising technologies, and media playback solutions. With more than 2,100 employees worldwide, Rovi has offices around the globe and customers including dozens of the world's largest electronics manufacturers and entertainment companies, such as Sony, Motorola, Samsung, AOL, Yahoo.com, Verizon, Time Warner Cable, and others. Rovi owns more than 5,100 globally issued or pending patents to its technology.

10. On information and belief, the defendant Uniloc entities are an affiliated group of offshore shell companies. Defendant Uniloc Singapore was, until January 26, 2011, the Singapore-based owner of United States Patent No. 5,490,216 (the "'216 patent"). Uniloc Singapore has admitted, in other litigation, that it is a shell company, with no employees, no officers, and no facilities. *See Uniloc USA, Inc., et al. v. Nat'l Instruments Corp., et. al.*, Case No. 6:10-cv-00472-LED, Dkt. No. 115-2 (E.D. Tex., Mar. 28, 2011). On information and belief, Uniloc Singapore's only asset, until January 26, 2011, was the '216 patent. On that date Uniloc Singapore transferred all of its rights to the '216 patent to another offshore entity, Uniloc Luxembourg, which has one or more of the same directors as Uniloc Singapore. In fact, the same person—Bradley C. Davis—signed the '216 patent assignment document on behalf of both Uniloc Luxembourg and Uniloc Singapore. Uniloc Singapore, which now has no assets, is dissolving and merging in its entirety into Uniloc Luxembourg.

11. Before assigning the patent to Uniloc Luxembourg, Uniloc Singapore sued dozens of technology companies in United States federal court, alleging infringement of the '216 patent. On February 25, 2008, Uniloc Singapore sued Rovi in the Central District of California, alleging infringement of the '216 patent.

12. On March 13, 2008, Rovi sued Uniloc Singapore in the Northern District of California, alleging infringement of five Rovi patents.

13. In late March 2008, the parties began to negotiate a settlement that would cover both disputes. On May 12, 2008, the parties executed the Settlement Agreement. The Settlement Agreement, which the parties executed in California, was effective as of April 28, 2008. The Settlement Agreement terminated the patent infringement lawsuits that Rovi and Uniloc Singapore had asserted against each other and "dispose[d] of all claims that were asserted or might have been asserted in the Lawsuits or relating to the matters raised therein."

14. The Settlement Agreement included a sweeping release provision. That release provision was intended specifically to cover third parties, including past, current and/or future Rovi customers; Flexco Holding Company, Inc. (later renamed Flexera Software, Inc.) and its affiliates (collectively, "Flexera"), which, at the time of the Settlement Agreement's negotiation, were about to purchase certain Rovi assets; and Flexera customers that also obtained any interest (by purchase, license or otherwise) in the Rovi or Flexera products.

15. The release language in the Settlement Agreement reflects the parties' intent that Flexera, and Flexera's past and future customers, would be covered by the Settlement Agreement and would be exonerated from any liability for alleged infringement of the '216 patent. The Settlement Agreement provided that:

    a. each party as of April 28, 2008, "releases and forever discharges the other Party, ***its predecessors, successors***, parents, subsidiaries, officers, directors, agents, employees, assigns, investors, and attorneys."

    b. those entities were released from "all claims, demands, liabilities, causes of action, damages, legal fees, costs, expenses, and claims for compensation of whatever nature or description, arising out of or relating to the lawsuits."

      c.      included were "any unasserted claims or causes of action which could have been asserted in the lawsuits."

      d.      the release "***specifically extends to third parties who may acquire or have acquired*** rights, title, or interest in and to the Parties' products that were accused of infringing or that could have been accused of infringing one or more patents that were the subject of the lawsuits." (Emphasis added.)

The settlement also included a provision choosing California law to resolve all disputes.

16.    Rovi has performed all of its obligations under and satisfied all conditions of the Settlement Agreement. Uniloc Singapore, however, in spite of and in violation of the Settlement Agreement, in 2010 sued entities covered by the terms of the release provision of the Settlement. *See, e.g., Uniloc USA, Inc., et al. v. Foxit Corp., et al.*, No. 6:10-cv-00691 (E.D. Tex.) (filed June 8, 2010); *Uniloc USA, Inc., et al. v. Nat'l Instruments Corp., et al.*, No. 6:10-cv-00472 (E.D. Tex.) (filed September 14, 2010); *Uniloc USA, Inc., et al. v. BMC Software, Inc., et al.*, No. 6:10-cv-00636 (E.D. Tex.) (filed December 1, 2010). The defendants in those lawsuits include former Rovi customers and customers of Flexera that acquired rights, title or interest in products that were or could have been accused in Uniloc Singapore's lawsuit against Rovi. Nonetheless, Uniloc Singapore has sued those Flexera customers for infringing the '216 patent based on the use of products that were or could have been accused in Uniloc's lawsuit against Rovi. Uniloc Singapore has threatened to file additional lawsuits against additional former Rovi customers and Flexera customers alleging infringement of the '216 patent.

17.    Not only Flexera, but also Rovi's and Flexera's respective or joint customers are the intended third party beneficiaries of the Settlement Agreement and its release provisions. By suing Rovi's and Flexera's customers in violation of the release provisions of the Settlement Agreement, Uniloc Singapore has breached the Settlement Agreement.

18.    Although Rovi has informed Uniloc Singapore that its lawsuits against Flexera's customers violate the terms of the Settlement Agreement, Uniloc Singapore has refused to move to voluntarily dismiss those lawsuits. Uniloc Singapore initially acknowledged to Rovi that the Settlement Agreement barred suit against former Rovi and Flexera customers for infringing the

'216 patent based on the use of products that were or could have been accused in Uniloc Singapore's lawsuit against Rovi. In July 2011, however, Uniloc Singapore reversed positions, stating that the Settlement Agreement does not preclude Uniloc Singapore from bringing or maintaining any lawsuit against former Rovi customers or Flexera customers.

19. Uniloc Singapore's breach of the Settlement Agreement has caused and continues to cause harm to Rovi. Under license or other agreements with various Rovi customers, Rovi's customers have tendered the defense of these suits by Uniloc Singapore and requested indemnity from Rovi and/or Flexera. In turn, Flexera, which also claims that Rovi has certain contractual defense and indemnity obligations with respect to the filed Uniloc Singapore suits, has tendered the defense of these suits to Rovi.

20. Rovi therefore is exposed to substantial indemnity and cost-of-defense liability because of Uniloc's wrongful pursuit of lawsuits against third-party beneficiaries to the Settlement Agreement, and has already incurred substantial defense and indemnity obligations, vastly exceeding $75,000 in value.

21. The events described above have caused Rovi to suffer harm to its goodwill and business reputation as a result of Uniloc Singapore's wrongful lawsuits against its former and Flexera's current customers. Unless Uniloc Singapore's lawsuits against these entities are enjoined, Rovi will suffer irreparable harm.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Breach of Contract Under California Law)**

22. Rovi realleges and incorporates by reference paragraphs 1 through 21, inclusive, as though fully set forth in this paragraph.

23. There is an actual controversy, within the meaning of 28 U.S.C. § 2201, between Rovi and the Uniloc Defendants concerning the scope of the Settlement. In particular, Rovi and the Uniloc Defendants dispute whether the Settlement Agreement precludes the Uniloc Defendants from bringing or maintaining any lawsuit against former Rovi customers or Flexera customers, and whether Flexera, Flexera's customers, and all former Rovi customers are the intended beneficiaries of the Settlement Agreement. Uniloc Singapore's lawsuits against former

Rovi customers and Flexera customers have exposed Rovi to substantial indemnity and cost-of-defense liability.

24. Rovi is entitled to a declaratory judgment that Flexera, Flexera's customers, and all former Rovi customers are the intended beneficiaries of the Settlement Agreement; that under the terms of the Settlement Agreement, the Uniloc Defendants are barred from bringing or maintaining any lawsuit against any such beneficiaries for infringing the '216 patent based on products that were or could have been accused in Uniloc Singapore's lawsuit against Rovi; and that Uniloc Singapore therefore breached its obligations under the terms of the Settlement Agreement by bringing lawsuits against Flexera customers and former Rovi customers.

## SECOND CLAIM FOR RELIEF

### (Injunctive Relief and Damages for Breach of Contract Under California Law)

25. Rovi realleges and incorporates by reference paragraphs 1 through 21, inclusive, as though fully set forth in this paragraph.

26. The Settlement Agreement constitutes a valid contract between Rovi and Uniloc Singapore under California law.

27. Uniloc Luxembourg, as Uniloc Singapore's corporate successor, is bound by the Settlement Agreement.

28. Rovi has performed all of its obligations under and satisfied all conditions of the Settlement Agreement.

29. As described in the forgoing paragraphs, Uniloc Singapore breached the Settlement Agreement.

30. Uniloc Singapore's breach of the Settlement Agreement has caused and continues to cause harm to Rovi.

31. Uniloc Singapore's breach of the Settlement Agreement, unless enjoined by this Court, will continue to directly and proximately cause Rovi to sustain irreparable damage, loss, and injury.

32. Rovi has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Rovi prays for relief as follows:

A.  For a declaratory judgment that (1) Flexera, Flexera's customers, and all former Rovi customers are the intended beneficiaries of the Settlement Agreement; (2) that under the terms of the Settlement Agreement, the Uniloc Defendants are barred from suing any such beneficiaries for any matter released under the Settlement agreement, including for infringing the '216 patent based on products that were or could have been accused in Uniloc Singapore's lawsuit against Rovi; and (3) that Uniloc Singapore therefore breached its obligations under the terms of the Settlement Agreement;

B.  For an order awarding Rovi its damages, including lost profits, loss of reputation and goodwill;

C.  For an order awarding Rovi pre-judgment interest on all such damages; and

D.  For orders temporarily restraining, preliminarily and permanently enjoining the Uniloc Defendants and their agents, officers, employees, representatives, successors, and assigns from bringing suit against, and from further pursuing any pending lawsuits against any intended beneficiaries of the Settlement Agreement for infringing the '216 patent based on products that were or could have been accused in Uniloc Singapore's lawsuit against Rovi, such beneficiaries including Flexera, Flexera's customers, and all former Rovi customers;

E.  For such other relief as this Court deems just and proper.

DATED: August 25, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Claude M. Stern

Claude M. Stern
Attorneys for Plaintiff
Rovi Solutions Corporation

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Rovi Corporation demands a trial by jury on all issues triable by jury.

DATED: August 25, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Claude M. Stern
Attorneys for Plaintiff
Rovi Solutions Corporation